[Cite as *State v. Kalinowski*, 2013-Ohio-1453.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98922**

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# FRANKLIN E. KALINOWSKI

### DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-411216

**BEFORE:** Keough, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** April 11, 2013

**APPELLANT**

Franklin E. Kalinowski
112 Dale Drive
Cleveland, Ohio 44111

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1}   Defendant-appellant, Franklin E. Kalinowski, appeals from the trial court's judgment denying his motion for termination of postrelease control.   We reverse the trial court's judgment and remand with instructions to the trial court to order Kalinowski discharged from postrelease control.

## I. Background

{¶2}   In January 2002, Kalinowski pled guilty to 36 counts of rape, first degree felonies, and one count of importuning.   The trial court sentenced him to ten years each on the rape counts, to be served concurrently with each other and consecutive to one year on the importuning charge.   The trial court did not advise Kalinowski of postrelease control at sentencing, although the subsequent sentencing entry stated that "postrelease control is a part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28." This court affirmed Kalinowski's convictions on appeal. *State v. Kalinowski*, 8th Dist. No. 80814, 2002-Ohio-6494.

{¶3}   Kalinowski was released from prison in June 2012 and is under postrelease control supervision of the adult parole authority.   On July 26, 2012, Kalinowski filed a motion to terminate postrelease control, contending that because the trial court did not properly impose postrelease control, that part of his sentence was void and further, because he had been released from prison and could not be resentenced, postrelease control should be terminated.   Despite the State's concession that postrelease control was

not properly imposed, the trial court summarily denied the motion. In a single assignment of error, Kalinowski challenges the trial court's judgment.

## II. Law and Analysis

{¶4} Under R.C. 2967.28, it is mandatory that an offender sentenced to imprisonment for a first degree felony be subject to a mandatory five years of postrelease control after the offender's release from imprisonment. R.C. 2967.28(B). If a defendant is subject to postrelease control, the trial court must notify him of postrelease control at the sentencing hearing, and must include the postrelease control terms in the sentence. *State v. Fischer*,128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. When a judge fails to properly impose postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside. *Id.*

{¶5} In *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, the Ohio Supreme Court declared that "the most basic requirement" of the postrelease control statutes and its postrelease control precedent is that a sentencing court must "notify the offender of the mandatory nature of the term of postrelease control and the length of that mandatory term and incorporate that notification in its entry." *Id.* at ¶ 69.

{¶6} Here, it is undisputed that the trial court made no mention of postrelease control at sentencing. Further, the sentencing entry providing that "postrelease control is part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28" did not advise Kalinowski that postrelease control was mandatory, nor did

it advise him of the mandatory five-year period of postrelease control. Hence, it is apparent that postrelease control was not properly imposed and that portion of Kalinowski's sentence is void.

{¶7} The State concedes that postrelease control was not properly imposed but nevertheless contends that the trial court properly denied Kalinowski's motion to terminate postrelease control because the trial court's judgment was final and Kalinowski has already served the prison sentence. Accordingly, the State contends that the trial court could not alter or amend its judgment.

{¶8} Although a trial court generally lacks authority to modify a final criminal judgment, it retains continuing jurisdiction to correct a void sentence. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. Furthermore, the Ohio Supreme Court has made clear that regardless of a case's procedural posture, when a sentence is void to the extent that it was not imposed in conformity with the statutory mandates concerning postrelease control, and the matter has come to the attention of the court, the court "cannot ignore" the matter, *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 12; *see also State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 586, ¶ 12, and "the offending portion of the sentence is subject to review and correction" "at any time, on direct appeal or by collateral attack." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 27.

**{¶9}** It is well settled that once the sentence for the offense that carries postrelease control has been served, the court can no longer correct sentencing errors and impose postrelease control at resentencing. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18; *Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 58. Thus, because Kalinowski completed his prison sentence and has been released, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control.

**{¶10}** Nevertheless, because Kalinowski brought the matter to the attention of the trial court, and the State conceded that postrelease control was not properly imposed, the court had an obligation to address the offending portion of Kalinowski's sentence. The trial court should have done so by putting on an entry stating that because Kalinowski has completed his prison sentence he will not be subject to resentencing and ordering him discharged from postrelease control. This was the remedy adopted by the Ohio Supreme Court in *Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 72-73, where the court ordered the defendant discharged from postrelease control where postrelease control had not properly been imposed and the defendant could not be resentenced because he had already completed his prison sentence. *See also State v. Clarke*, 8th Dist. No. 97017, 2012-Ohio-924, ¶ 14 (ordering the defendant discharged from postrelease control where he had completed his prison sentence and thus could not be resentenced).

**{¶11}** We reject the State's contention that the trial court properly denied Kalinowski's motion to terminate postrelease control because his remedy to challenge the trial court's improper imposition of postrelease control was to file a writ of habeas corpus against the adult parole authority. The State cites to the Ohio Supreme Court's decision in *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, for support of this argument. But as this court recently stated in *State v. Douse*, 8th Dist. No. 98249, 2013-Ohio-254, ¶ 12:

> [I]n *Hernandez*, the defendant was in custody for violating the postrelease control. Here, [defendant] is not in custody because he has not violated the postrelease control and has been released from prison. This court has recognized that improper postrelease control supervision does not constitute "physical confinement"; therefore, a writ of habeas corpus is not the appropriate legal vehicle to appeal an invalid postrelease control. *State ex rel. Ross v. Kinkela*, 8th Dist. No. 79411, 2001-Ohio-4256.

**{¶12}** Accordingly, we sustain the assignment of error. We reverse the trial court's judgment denying Kalinowski's motion to terminate postrelease control. We remand with instructions to the trial court to enter an order stating that because Kalinowski has completed his prison sentence, he will not be subject to resentencing to correct the trial court's flawed imposition of postrelease control, and ordering him discharged from postrelease control.

**{¶13}** Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR