[Cite as *State v. Harris*, 2014-Ohio-925.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99919**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEAARON HARRIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-12-563308-A, CR-12-568907-A,
CR-13-571411-A, and CR-13-571412-A

**BEFORE:** Celebrezze, P.J., Keough, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 13, 2014

**ATTORNEYS FOR APPELLANT**

Eric Dysert
Jordan & Sidoti, L.L.P.
50 Public Square
Suite 1900
Cleveland, Ohio   44113

Paul A. Mancino
Mancino Mancino & Mancino
75 Public Square
Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Maxwell M. Martin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Defendant-appellant, Deaaron Harris, appeals from the sentence imposed by the common pleas court following his guilty plea. After a careful review of the record, we affirm appellant's convictions and sentence. However, we remand the case to the trial court to correct the sentencing journal entry in Cuyahoga C.P. No. CR-12-568907-A.

**{¶2}** On March 25, 2013, appellant pled guilty to four counts of burglary stemming from four separate cases (Cuyahoga C.P. Nos. CR-12-563308-A, CR-12-568907-A, CR-13-571411-A, and CR-13-571412-A), each felonies of the second degree. Additionally, in CR-12-568907-A, appellant pled guilty to assault of a police officer, a felony of the fourth degree, and resisting arrest, a misdemeanor of the second degree.

**{¶3}** On April 24, 2013, appellant was sentenced to a 16-year term of imprisonment. The trial court ran the eight years imposed in CR-12-563308-A, CR-13-571411-A, and CR-13-571412-A concurrently to each other, but consecutively to the eight-year sentence imposed in CR-12-568907-A.

**{¶4}** Appellant now brings this timely appeal, raising three assignments of error for review.

## I. Law and Analysis

## A. Postrelease Control

{¶5} In his first assignment of error, appellant argues that the trial court erred in failing to properly advise him of the terms and conditions of his postrelease control, in violation of Crim.R. 11.

{¶6} Crim.R. 11(C)(2)(a) requires a trial court, at the time of a defendant's plea, to advise the defendant of any mandatory postrelease control period. *State v. Perry*, 8th Dist. Cuyahoga No. 82085, 2003-Ohio-6344, ¶ 11. Specifically, Crim.R. 11(C)(2)(a) requires the trial court to determine that the defendant understands "the maximum penalty involved." This court has previously explained:

> "[P]ostrelease control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of postrelease control from the trial court, appellant could not fully understand the consequences of his plea as required by Crim.R. 11(C)."

*State v. Griffin*, 8th Dist. Cuyahoga No. 83724, 2004-Ohio-4344, ¶ 13, quoting *State v. Jones*, 8th Dist. Cuyahoga No. 77657, 2001 Ohio App. LEXIS 2330 (May 24, 2001).

{¶7} At appellant's plea hearing, the trial court incorrectly informed him that, on release from prison, he would be subject to a mandatory five-year term of postrelease control. Appellant argues that because the trial court did not correctly advise him that he would be subject to a mandatory three years of postrelease control, his plea was not knowingly, intelligently, or voluntarily made.

**{¶8}** In *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, the Ohio Supreme Court addressed the effect of a trial court's errors in informing a defendant about postrelease control prior to accepting his plea. The court made a distinction between a complete omission, as opposed to misinforming a defendant about the length of postrelease control or whether it was discretionary or mandatory. *Id.* at ¶ 22. If the trial court completely failed to advise the defendant at his plea hearing that postrelease control would be part of his sentence, then the court failed to comply with Crim.R. 11 and the plea must be vacated. *Id.* at ¶ 22, 25.

**{¶9}** On the other hand, if the trial court misinformed the defendant about the nature of postrelease control, the defendant "may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal." *Id.* at ¶ 25. In such an instance, the reviewing court will determine whether the trial court substantially complied with the postrelease control advisement. *Id.* at ¶ 22.

**{¶10}** The *Sarkozy* court explained substantial compliance as follows:

[F]ailure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. The test for prejudice is "whether the plea would have otherwise been made." Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea].

*Id.* at ¶ 20.

**{¶11}** On review, we find that the trial court substantially complied with the requirement that appellant be advised of postrelease control sanctions. Specifically, we find that under the totality of the circumstances, appellant subjectively understood the

effect of his plea. Moreover, appellant has failed to demonstrate prejudice, i.e., that had he been properly advised about postrelease control at his plea hearing, he would not have entered the plea. On this record, appellant has failed to demonstrate that his plea was not knowingly, intelligently, and voluntarily made.

{¶12} Appellant further argues that the trial court inadequately imposed postrelease control at sentencing, thereby rendering his sentence void.

{¶13} A felony prison sentence must include a term of postrelease control. R.C. 2967.28 and 2929.14(F). The sentencing court must notify the offender at the sentencing hearing concerning postrelease control and must incorporate a postrelease control notification in the judgment of conviction. R.C. 2929.19(B)(3)(c) and (d); *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus; *see also Woods v. Telb*, 89 Ohio St.3d 504, 513, 2000-Ohio-171, 733 N.E.2d 1103 (holding that incorporation of postrelease control notification in the judgment of conviction empowers the Adult Parole Authority to exercise its discretion to impose postrelease control).

{¶14} When a trial court does not impose postrelease control in accordance with statutorily-mandated terms, that portion of the sentence is void. *State v. Kalinowski*, 8th Dist. Cuyahoga No. 98922, 2013-Ohio-1453, ¶ 6. Language that "appears to allow the parole board discretion to impose less than [the mandatory term] of postrelease control" does not conform to the statutory mandates, rendering that portion of the sentence void. *State v. Gonzalez,* 9th Dist. Lorain No. 09CA9528, 2009-Ohio-5759, ¶ 8-9 (wherein the

trial court imposed postrelease control for "up to a maximum of five years" when five years was mandatory).

**{¶15}** In the case at hand, appellant's burglary convictions were felonies of the second degree. Therefore, the trial court was required to notify appellant that on his release from prison, he would be subject to a mandatory three-year period of postrelease control supervision. *See* R.C. 2911.12(A)(2) and 2967.28(B)(2). Additionally, the trial court was required to notify appellant of the consequences of violating postrelease control and of the length of confinement that could be imposed for a postrelease control violation. R.C. 2929.19(B)(3)(e).

**{¶16}** At appellant's sentencing hearing, the trial court advised him as follows:

THE COURT: Sir, upon your release from prison, the Ohio Parole Board will impose a period of postrelease control, not to exceed three years. But because there's violence in that one, case, wouldn't it be mandatory for * * *

PROSECUTOR: Yes, I believe it will be mandatory three years of postrelease control.

THE COURT: Okay. Postrelease control of three years, * * * Postrelease control will be mandatory. They may impose conditions and sanctions. If you decide to commit an act that causes you to be found in violation of your postrelease control, you could be remanded to an Ohio penal institution for an additional 50 percent of your original sentence.

**{¶17}** In light of the above statements, we find that the trial court properly advised appellant at the April 24, 2013 sentencing hearing that he was subject to a mandatory term of three years postrelease control. Furthermore, the trial court properly advised appellant of the consequences associated with failing to abide by the terms and conditions

of postrelease control. Thus, we find that the trial court provided a proper notification of postrelease control.

**{¶18}** However, the record reflects that in CR-12-568907-A, the trial court incorrectly stated in the sentencing journal entry that postrelease control would be for a period of "up to" three years. In *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, the Ohio Supreme Court approved the use of a nunc pro tunc order to correct a flawed sentencing entry that had omitted proper postrelease control notification where the notification had been given at the sentencing hearing. Since the 2012 *Qualls* decision, "this court has consistently applied *Qualls* to allow the use of a nunc pro tunc entry to correct a defective sentencing entry." *State v. Falkenstein*, 8th Dist. Cuyahoga No. 99670, 2013-Ohio-5315, ¶ 16.

**{¶19}** Consequently, we must remand this matter to the trial court to correct the sentencing journal entry in CR-12-568907-A by nunc pro tunc entry so that it reflects the trial court's proper imposition of postrelease control at sentencing.

**{¶20}** Appellant's first assignment of error is overruled.

### B. Consecutive Sentences

**{¶21}** In his second assignment of error, appellant argues that the trial court failed to make the necessary findings to impose consecutive sentences pursuant to R.C. 2929.14(C). We disagree.

**{¶22}** Appellate courts review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 10 (8th Dist.). R.C.

2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, on its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4), or (2) the sentence is "otherwise contrary to law." *Id.* at ¶ 11. The appellate court's standard for review is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2).

{¶23} R.C. 2929.14(C)(4) requires a trial court to make three separate and distinct findings before imposing consecutive sentences. The statute requires the court to find (1) "that the consecutive service is necessary to protect the public from future crime or to punish the offender[,]" (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) that any of the following apply:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶24} Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes* at

¶ 17.  A trial court's failure to make these findings is "contrary to law."  *Id*. at ¶ 12, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252.

**{¶25}** After a careful review of the record, it is clear that the trial court complied with the requirements set forth under R.C. 2929.14(C)(4).  Here, the court made the following statements at sentencing:

> This court does find that consecutive sentences are necessary to protect the public from future crimes.  * * *

> This court finds that consecutive sentences are necessary to punish the offender, that they're not disproportionate to the seriousness of his misconduct, and that consecutive sentences are not disproportionate to the danger the offender poses to the public.

> This court further finds, and strongly finds, that the offender's history of criminal conduct — and again, the court reiterates that [appellant] has nine prior convictions for burglary — that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶26}** Thus, despite appellant's argument to the contrary, the trial court made all the findings required under R.C. 2929.14(C) for the imposition of consecutive sentences.

**{¶27}** Appellant's second assignment of error is overruled.

### C. Ineffective Assistance of Counsel

**{¶28}** In his third assignment of error, appellant argues that he received ineffective assistance of counsel during his plea negotiations.

**{¶29}** In order to prove a claim of ineffective assistance of counsel with a guilty plea, an appellant must demonstrate there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to

trial. *State v. Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12. As this court has previously recognized:

> [W]hen a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). "A failure by counsel to provide advice [that impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea." *United States v. Broce*, 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Accordingly, a guilty plea waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991).

*State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5.

**{¶30}** Here, appellant claims that defense counsel rendered ineffective assistance because counsel mislead him into believing that he would only receive a two-year sentence if he pled guilty.

**{¶31}** On review, there is nothing in the record to substantiate appellant's claim. We find that Crim.R. 11, which governs the taking of pleas to ensure that they are made knowingly, intelligently, and voluntarily, was complied with. Moreover, appellant indicated that he was not threatened or promised anything to enter the guilty plea; that he was satisfied with the representation provided by his attorney; and that he understood by entering a plea of guilty, he would be admitting the charges.

**{¶32}** Based on our review of the record, trial counsel provided adequate representation during the proceedings. Therefore, we are unable to find that defense

counsel's performance was deficient or that it caused the plea to be less than knowing or voluntary.

**{¶33}** Appellant's third assignment of error is overruled.

**{¶34}** Judgment affirmed. However, the matter is remanded to the trial court for a nunc pro tunc entry to correct the sentencing journal entry in CR-12-568907-A so that it reflects the trial court's proper imposition of a mandatory three-year period of postrelease control during appellant's sentencing hearing.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
PATRICIA A. BLACKMON, J., CONCUR