[Cite as *State v. Miller*, 2015-Ohio-3880.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 102250

---

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# MARIS C. MILLER

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-583875-A

**BEFORE:** Laster Mays, J., Boyle, P.J., and Blackmon, J.
**RELEASED AND JOURNALIZED:** September 24, 2015

**ATTORNEY FOR APPELLANT**

Mark R. Marshall
P.O. Box 451146
Westlake, Ohio 44145

**ATTORNEYS FOR APPELLEE**

Timothy McGinty
Cuyahoga County Prosecutor

By: Edward R. Fadel
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Maris Miller ("Miller") appeals the trial court's conviction of theft of a disabled person, a felony of the fifth degree. He argues that the appellant's conviction for theft in violation of R.C. 2913.02(A)(3) with a furthermore clause indicating that the victim of the offense was a disabled adult is in error because the victim is not a disabled adult as defined by R.C. 2913.01(DD). After reviewing the record and finding merit to the appeal, we reverse and remand to the trial court to convict Miller of theft, a misdemeanor of the first degree and sentence accordingly.

## I. FACTS

{¶2} Miller was honorably discharged from the military in 1988. Miller met the 23-year-old victim in a Wal-Mart, and convinced him that he was a war veteran in need of money to fix his automobile that was in need of repairs. Between March 12, 2014 and March 14, 2014, the victim gave Miller $928.64 for the repairs. Miller told the victim that he would repay him but failed to do so. After the victim's parents became aware of the situation, they contacted the police.

{¶3} Miller was charged with theft of a disabled adult because the victim suffered from Asperger's Syndrome. He was diagnosed in 1997. The victim is a highly functioning

individual who lacks social skills. He is a college graduate and works part-time at McDonald's.

{¶ 4} On October 8, 2014, Miller pled no contest to theft in violation of R.C. 2913.02(A)(3), with a furthermore enhancement of theft of a disabled adult, a felony of the fifth degree, and the court found him guilty. Defense counsel did not object to anything at this proceeding. On November 13, 2014, the trial court imposed a sentence of 12 months with 29 days of jail-time credit.

## II.   STANDARD OF REVIEW

{¶5} Miller pled no contest to the charge of theft. Under Crim.R. 11(B)(2) the plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment. By voluntarily entering a no contest plea, the defendant waives his right to contest nonjurisdictional defects that occurred before the plea was entered. *State v. Mays,* 8th Dist. Cuyahoga No. 99150, 2013-Ohio-4031, citing *State v. Kelly,* 57 Ohio St.3d 127, 566 N.E.2d 658 (1991).

{¶6} Because Miller did not raise the issue at sentencing he has waived all but plain error. Under Crim.R. 52(B), the appellate court has the power to recognize plain errors or defects involving substantial rights although they were not brought to the attention of the trial court. However, this rule may be invoked only in rare cases. Thus, an alleged error does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of

the trial clearly would have been otherwise. *State v. Campbell*, 69 Ohio St.3d 38, 41, 630 N.E.2d 339 (1994).

**{¶7}** An error rises to the level of plain error only if, but for the error, the outcome of the proceedings would have been different. *State v. Eisermann,* 8th Dist. Cuyahoga No. 100967, 2015-Ohio-591, ¶ 71, citing *State v. Becker*, 8th Dist. Cuyahoga No. 100524, 2014-Ohio-4565; *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61; *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Notice of plain error "is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Id.*

## III.   ANALYSIS

**{¶8}** Miller now argues that his conviction was in error because the victim was not a disabled adult as defined by statute.    A disabled adult is defined as:

> A person who is eighteen years of age or older and has some impairment of body or mind that makes the person unable to work at any substantially remunerative employment that the person otherwise would be able to perform and that will, with reasonable probability, continue for a period of at least twelve months without any present indication of recovery from the impairment, or who is eighteen years of age or older and has been certified as permanently and totally disabled by an agency of this state or the United States that has the function of so classifying persons.

R.C. 2913.01(DD).

**{¶9}** The victim, who has Asperger's Syndrome, has a job at McDonald's and graduated from college.   Generally, Asperger's Syndrome is not considered a disability, but rather a

social disorder on the autistic spectrum disorder. Foundation for People with Learning Disabilities, *Asperger Syndrome*, http://www.learningdisabilities.org.uk/help-information/learning-disability-a-z/a/asperger-syndrome (accessed Aug. 20, 2015). Because it is a social disorder, people with Asperger's may have difficulty interacting with peers and are usually unable to pick up on social cues. National Institute of Neurological Disorders and Stroke, *Asperger's Syndrome Fact Sheet*, http://www.ninds.nih.gov/disorders/ asperger/detail_asperger.htm (accessed Aug. 20, 2015). In addition, many people with Asperger's Syndrome are able to function normally and have no significant impairment of body or mind.

{¶10} The victim's mother testified at the sentencing hearing that Asperger's Syndrome is in the autism spectrum. "It's a very high functioning form" (Tr. 19.) She went on to state "that her son was able to get through college, but he has no friends. The primary defect is social cognitive. So when Miller approached him, he was very trusting." (Tr. 19.) That trusting nature does not make a person disabled. "Moreover, a diagnosis of Asperger's Syndrome is not per se disabling." *Bouldin v. Colvin*, M.D. Tenn. No. 3:11-1019, 2013 U.S. Dist. LEXIS 73818 (May 24, 2013).

{¶11} When an indictment contains sufficient allegations to state an offense, the court must find the defendant guilty of the charged offense. *State v. Bird*, 81 Ohio St.3d 582, 692 N.E.2d 1013 (1998), syllabus, citing *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 662

N.E.2d 370 (1996). However, the indictment did not contain sufficient allegations regarding a disability. Furthermore, the prosecutor, according to his argument, never read the indictment at sentencing and Miller did not waive the reading of the indictment at sentencing. Although Miller did not raise the issue of Asperger's Syndrome not being a disability at sentencing, we find that plain error applies because with the victim not being a disabled adult, the outcome would have been otherwise. Miller should have been found guilty of theft, a misdemeanor of the first degree instead of the felony.

{¶12} The trial court's decision is reversed and remanded to convict Miller of theft, a misdemeanor of the first degree and sentence accordingly.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
MARY J. BOYLE, P.J., CONCURS IN JUDGMENT ONLY