[Cite as *Euclid v. Hunter*, 2025-Ohio-4466.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF EUCLID,                      :

    Plaintiff-Appellee,          :

    v.                           :

No. 114662

ZION HUNTER,                         :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 25, 2025

---

Criminal Appeal from the Euclid Municipal Court
Case No. 24CRB01005

---

### *Appearances:*

Mary Riley Casa, Euclid Prosecuting Attorney and Ashley M. Garrett, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Thomas T. Lampman, Assistant Public Defender, *for appellant.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant Zion Hunter ("Hunter") appeals his guilty plea and sentence. For the reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

{¶ 2} The charges in this case stem from a video posted to social media that was first viewed by the Seminole County Sheriff's Crime Analyst in Florida on September 18, 2024. In the video, Hunter is seen pointing a replica firearm at two parked Euclid Police Department vehicles while driving past them. The video was sent to Euclid police on the same day by the Seminole County Sheriff's Department. Euclid officers identified Hunter as the man in the video and arrested him later that day.

{¶ 3} Hunter was charged in the Euclid Municipal Court with one count of inducing panic, in violation of R.C. 2917.31, a first-degree misdemeanor, and one count of possessing a replica firearm, in violation of Euclid Cod.Ord. ("ECO") 571.15, also a first-degree misdemeanor.

{¶ 4} On November 18, 2024, pursuant to a plea bargain, Hunter pled guilty to one count of possession of a replica firearm and the inducing panic charge was nolled. On that same day, Hunter was sentenced to 180 days in jail, which the court suspended; a $150 fine; 80 hours of community service; mandatory participation in a community orientation program and one year of community control.

{¶ 5} Hunter timely appeals, raising two assignments of error for our review:

> **Assignment Of Error I:** Hunter was deprived of the effective assistance of counsel at the plea stage because his trial counsel was demonstrably unaware of basic facts and weaknesses in the city's case.

**Assignment Of Error II:** Hunter's sentence is unlawful because the trial court sentenced him because of the content of first amendment-protected expression instead of mandatory sentencing factors.

## LAW AND ANALYSIS

### Assignment of Error I

{¶ 6} Hunter alleges that he was deprived of effective assistance of counsel because his counsel was unaware of basic facts and weaknesses in the City of Euclid's ("City") case against him. We disagree.

{¶ 7} To establish ineffective assistance of counsel: (1) a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and (2) that they were prejudiced by that performance. *State v. Collier*, 2020-Ohio-3033, ¶ 18 (8th Dist.), citing *State v. Hill*, 2018-Ohio-4327, ¶ 21 (8th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).

{¶ 8} For the second prong of this test, prejudice is established when the defendant demonstrates "'a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Collier* at ¶ 18, quoting *Strickland* at 694.

{¶ 9} "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *State v. Marriott*, 2021-Ohio-2845, ¶ 11 (8th Dist.).

{¶ 10} "In order to prove a claim of ineffective assistance of counsel with a guilty plea, an appellant must demonstrate there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial." *State v. Harris*, 2014-Ohio-925, ¶ 29 (8th Dist.), citing *State v. Wright*, 2013-Ohio-936, ¶ 12 (8th Dist.).

{¶ 11} Here, Hunter claims that his defense counsel rendered ineffective assistance because his counsel was unaware of the facts of this case, which led his counsel to recommend a plea bargain and to overstate the case against him. Hunter argues that his defense counsel, by being unaware of the weaknesses in the City's case, created a more than reasonable probability that a competent attorney would have counseled Hunter differently.

{¶ 12} To support his claim that his defense counsel was ineffective, Hunter alleges that his trial counsel was unaware of the basic facts of the case because he failed to explain to the judge that the incident centered around a video Hunter made and stated instead that Euclid police officers saw Hunter brandish the replica firearm. Hunter also alleges his counsel was ineffective because he stated that Hunter was a YouTube content creator rather than a video game developer.

{¶ 13} Upon review of the transcript, we find that Hunter's trial counsel was adequately aware that the case centered around a video Hunter made in which he brandished a replica firearm and aimed it at Euclid Police Department vehicles. Counsel stated that, at the time of the incident in question, Hunter was creating a YouTube video with his replica firearm to share with his YouTube followers. Hunter

also stated at the hearing that he "was showing off the airsoft gun to [his] YouTube channel."

{¶ 14} The fact that trial counsel called Hunter a content creator as opposed to a game developer is inconsequential and does not change any of the operative facts related to the crime. Counsel was aware of the basic facts of the case.

{¶ 15} Hunter further alleges that his trial counsel did not understand that there were no contemporaneous witnesses to, or victims of, the charged conduct, which led him to recommend a plea instead of trying the case. On review, there is nothing in the record to substantiate Hunter's claim. Hunter puts forth no evidence that he would have been offered a better plea bargain, that he would have made a different plea bargain or that he would have tried the case had his trial counsel known there were no contemporaneous witnesses or victims. There is nothing in the record to show that his defense counsel was unaware that there were no witnesses or victims.

{¶ 16} We find that Hunter has not established that there is a reasonable probability that, but for his trial counsel's above-described "errors," Hunter would have not pled guilty. *Harris*, 2014-Ohio-925, at ¶ 29. Upon our review of the record, we find that trial counsel provided adequate representation during the proceedings. Based on the foregoing, we overrule Hunter's first assignment of error.

**Assignment of Error II**

{¶ 17} In Hunter's second assignment of error, he alleges that his sentence is unlawful because the trial court's sentencing considerations were contrary to law

and prejudicial. Specifically, Hunter argues the trial court impermissibly considered the violent nature of the video game he created when sentencing him in violation of his First Amendment rights. We disagree.

{¶ 18} Hunter properly states that he did not object to the trial court's sentencing below and, because he did not raise the issue at sentencing, he has waived all but plain error on appeal. *State v. Miller*, 2015-Ohio-3880, ¶ 6 (8th Dist.); *see also State v. Friscone*, 2019-Ohio-1781, ¶ 23 (8th Dist.) ("It is well-settled that failure to object waives all but plain error on appeal."); citing *State v. St. Martin*, 2012-Ohio-1633, ¶ 7 (8th Dist.).

> Under Crim.R. 52(B), the appellate court has the power to recognize plain errors or defects involving substantial rights although they were not brought to the attention of the trial court. However, this rule may be invoked only in rare cases. Thus, an alleged error does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise.

*Miller* at ¶ 6, citing *State v. Campbell,* 69 Ohio St.3d 38, 41 (1994). An error rises to the level of plain error only if, but for the error, the outcome of the proceedings would have been different. *State v. Eisermann*, 2015-Ohio-591, ¶ 71 (8th Dist.), citing *State v. Becker*, 2014-Ohio-4565 (8th Dist.).

{¶ 19} The sentencing in this case is governed by ECO 599.02 and 599.03. These ordinances mirror the requirements contained in R.C. 2929.21 and 2929.22 providing that a sentencing court must consider certain factors in misdemeanor sentencing. Under both frameworks, sentencing courts "shall be guided by the overriding purposes of misdemeanor sentencing"— protecting the public and

punishing the offender — and must consider "all of" the specific statutory factors. R.C. 2929.21(A), 2929.22(B)(1); ECO 599.02(a)(1), 599.03(b)(1).

{¶ 20} Pursuant to R.C. 2929.22, the trial court must consider several aggravating factors, including such things as the risk that the offender would commit another offense, the need to protect the public and the nature and circumstances surrounding the offense.

{¶ 21} "[T]he court is not required to iterate exactly which factors warranted appellant's sentence. So long as the sentence is within the statutory range and, absent a showing to the contrary, we must presume the trial court considered the statutory factors." *State v. Moore*, 2011-Ohio-454, ¶ 15 (8th Dist.); citing *State v. Hughley*, 2009-Ohio-5824, ¶ 14 (8th Dist.); *State v. Hunter*, 2006-Ohio-6440, ¶ 1 (8th Dist.). As long as a sentence is within the statutory guidelines, the trial court is "presumed to" have considered these statutory factors even if the record is silent. *Lakewood v. Dobra*, 2018-Ohio-960, ¶ 9-10 (8th Dist.), citing *Maple Hts. v. Sweeney*, 2005-Ohio-2820, ¶ 7 (8th Dist.).

{¶ 22} Upon review, we find that Hunter pled guilty to a first-degree misdemeanor, which permitted the trial court to impose: a jail term of not more than 180 days; community control, not to exceed five years; a term of community service of up to 500 hours or a fine, not more than $1,000 dollars. R.C. 2929.24; 2929.25; 2929.27. After Hunter pled guilty, the trial court discussed on the record its concerns for the public regarding the violent nature of Hunter's video game, which is meant for children to play.

{¶ 23} Despite Hunter's contention that the trial court allegedly improperly considered the nature of Hunter's video game when sentencing Hunter, the record reflects that the trial court sentenced Hunter to 180 days in jail, suspended upon his completion of 80 hours of community service, with one year of community-control sanctions and a $150 fine. This sentence is within the statutory range and there is no showing to the contrary, so we must presume the trial court considered the appropriate statutory factors when sentencing. *Moore* at ¶ 15. The trial court's sentence is not contrary to law.

{¶ 24} We do not find that there was any error in the trial court's sentence.

{¶ 25} Hunter's second assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MICHAEL JOHN RYAN, J., and
DEENA R. CALABRESE, J., CONCUR