JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Alphonso Howard appeals his conviction from the Cuyahoga County Court of Common Pleas after a bench trial. Finding no error in the proceedings below, we affirm.
 {¶ 2} The evidence adduced at trial was that Howard was the stepfather of the victim. Howard began soliciting oral sex from the victim when she was in the sixth grade and only eleven years old. His behavior was essentially the same each time. Howard would come into the victim's room, put his penis in her face, and say "suck it." This happened to the victim several times a week for almost five years. On at least one occasion, he gave the victim money and then took it back when she would not comply. Howard testified in his defense, denying any wrongdoing.
 {¶ 3} Howard was charged with forty counts of importuning in violation of R.C. 2907.07. The first twenty counts alleged that the victim was under the age of thirteen, and the last twenty counts alleged that the victim was over the age of thirteen but under the age of sixteen. After a bench trial, Howard was found guilty of all forty counts and sentenced to a total of eleven years and five months in prison, followed by five years of post-release control.
 {¶ 4} Howard appeals, advancing two assignments of error for our review. His first assignment of error states the following:
 {¶ 5} "Alphonso Howard was deprived of effective assistance of counsel, thereby being deprived of a fair trial." *Page 4 
 {¶ 6} Under this assignment of error, Howard argues that he was deprived of the effective assistance of counsel because his trial counsel failed to object to inflammatory and prejudicial testimony, as well as inflammatory comments and questions by the prosecutor.
 {¶ 7} To demonstrate ineffective assistance, a defendant must show that counsel's performance fell "below an objective standard of reasonable representation." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. He must also demonstrate prejudice, i.e., "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id., paragraph three of the syllabus. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Keene, 81 Ohio St.3d 646,667, 1998-Ohio-342, quoting Strickland v. Washington (1984),466 U.S. 668, 694. Because of the inherent difficulties in making this evaluation, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. State v.Igoe, Cuyahoga App. No. 84004, 2004-Ohio-6880, citingStrickland, 466 U.S. at 689.
 {¶ 8} Howard argues that the prosecutor zealously highlighted to the court that Howard masturbated in front of the child and that he allowed others to see his penis. He argues that masturbation and exhibiting one's penis, in and of itself, is not importuning as defined in R.C.2907.07. Howard states that "[w]hile masturbation or *Page 5 
exhibiting one's penis in front of children is inappropriate, it is not a crime."[1] Howard contends that this testimony was not relevant to the charges, violated Evid.R. 404(A) and R.C. 2907.02(D), and should have been objected to by defense counsel.
 {¶ 9} Howard also argues that the testimony that Howard smacked the victim's behind when she was on the steps and that Howard peeped through the bathroom keyhole while the victim showered was irrelevant and prejudicial. Howard contends that his attorney should have objected to this improper testimony.
 {¶ 10} There is a strong presumption that licensed attorneys are competent and that the challenged action is the product of sound trial strategy. State v. Mullins (June 25, 1996), Franklin App. No. 96APA01-32, citing State v. Hamblin (1988), 37 Ohio St.3d 153, 155-156. Even debatable trial tactics do not constitute ineffective assistance of trial counsel, for it is obvious that "`nothing is seen more clearly than with hindsight.'" State v. Clayton (1980), 62 Ohio St.2d 45, 49. For this reason, a reviewing court must evaluate trial counsel's performance on the facts of the particular case as of the time of counsel's conduct. Mullins; Strickland v. Washington (1984),466 U.S. 668. In State v. Keene, 81 Ohio St.3d 646, 668, 1998-Ohio-342, the Supreme Court of Ohio stated the following: "[d]eclining to interrupt *Page 6 
the prosecutor's argument with objections, or failing to object to certain evidence, was not deficient performance, especially in a bench trial."
 {¶ 11} In this case, defense counsel did not object; however, the trial court is presumed to consider only reliable, relevant, and competent evidence unless it affirmatively appears to the contrary.State v. Waters, Cuyahoga App. No. 87431, 2006-Ohio-4895, 4|18; citingState v. Richey, 64 Ohio St.3d 353, 1992-Ohio-44. There is no evidence to suggest that the trial court considered anything but reliable, relevant, and competent evidence. The trial court even stated during the Crim.R. 29 hearing that "we can agree that peeping through the bathroom door might not be wise but it's not a crime." Furthermore, Howard has not demonstrated that there is a reasonable probability that the outcome of the trial would have been different.
 {¶ 12} Finally, under this assignment of error, Howard claims that during his cross-examination the prosecutor asked irrelevant questions, calculated to inflame the court. In particular, Howard complains about the questions regarding his conviction for domestic violence, in which his wife was the victim. In addition, Howard asserts that it was improper for the prosecutor to question Howard about his prior rape conviction because it was more than ten years old. Howard argues that his attorney should have objected to the improper questions.
 {¶ 13} The state argues that its questions during the cross-examination of Howard were proper impeachment material under Evid.R. 607, 609, and 611(B).
 {¶ 14} The scope of cross-examination is within the sound discretion of the trial court. State v. Cassano, 96 Ohio St.3d 94, 112,2002-Ohio-3751, citing State v. Slagle (1992), 65 Ohio St.3d 597, 605. Evid.R. 611(B) states that "[c]ross-examination shall be permitted on all relevant matters and matters affecting credibility." A prosecutor can respond to issues raised by the accused. Cassano, supra, citingState v. Awkal (1996), 76 Ohio St.3d 324, 336.
 {¶ 15} Evid.R. 607 allows a party to attack the credibility of a witness so long as the questioner has a reasonable basis for asking any question pertaining to impeachment that implies the existence of an impeaching fact. Furthermore, Evid.R. 609(A)(2) allows "evidence that the accused has been convicted of a crime * * * if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issue, or of misleading of the jury." Finally, Evid.R. 609(B) states as follows: "Evidence of conviction under this rule is not admissible if a period of more than ten years has elapsed * * *, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." (Emphasis added.)
 {¶ 16} With regard to Howard's prior conviction for domestic violence, the state was allowed to impeach Howard's testimony that he "gets along" with his wife. As for Howard's 1983 conviction for rape and kidnapping, we find that the trial court properly admitted this evidence. *Page 7 
 {¶ 17} During cross-examination the trial court allowed the state to question Howard about his 1983 conviction because he did not answer truthfully when he was asked whether he had ever demanded oral sex. The defense attorney objected to this evidence, but the trial court overruled the objection. The trial court stated the following: "I told the state [at sidebar] to ask one more question to determine whether the defendant would answer truthfully to whether or not he had ever demanded oral sex, and I said that I would allow it [the prior conviction] in beyond the time period if he denied it [demanding oral sex] as purposes for impeachment."
 {¶ 18} Howard had been convicted of kidnapping and rape for "picking up" a young girl with his buddies, tying her up, putting a mask over her face, and demanding oral sex from her. Therefore, he was properly impeached with his prior conviction. Furthermore, when the trial court announced its decision, it noted that this case essentially came down to the credibility of the victim versus the credibility of the defendant.
 {¶ 19} We find that Howard has failed to prove that his counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by such representation. Accordingly, Howard's first assignment of error is overruled.
 {¶ 20} His second assignment of error states the following:
 {¶ 21} "The admission of the aforestated [sic] objectionable testimony, interrogations, and statements were all plain error." *Page 8 
 {¶ 22} Under this assignment of error, Howard argues that it was plain error to allow the prosecutor to ask irrelevant and inflammatory questions of him.
 {¶ 23} "Error is not plain error unless the outcome of an accused's trial clearly would have been otherwise, but for the error. The standard for plain error is whether substantial rights of the accused are so adversely affected as to undermine the fairness of the guilt-determining process. Notice of plain error is to be taken with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." State v. Buehner, Cuyahoga App. 81722, 2003-Ohio-3348.
 {¶ 24} Howard points to the same questions and testimony that we addressed under the first assignment of error. We find no plain error in this case; as such, Howard's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
SEAN C. GALLAGHER, JUDGE
COLLEEN CONWAY COONEY, P. J., and MELODY J. STEWART, J., CONCUR
[1] We note for the record that it is a crime, although for some reason it is not a crime to do it in front of a household member. See R.C. 2907.09 "Public indecency." In this case, Howard did these things in front of his children and others not part of the household, which is a crime, just not a felony. *Page 1