[Cite as *State v. Becker*, 2014-Ohio-4565.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100524**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES M. BECKER, III

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575417

**BEFORE:** Kilbane, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 16, 2014

**ATTORNEY FOR APPELLANT**

Richard H. Drucker
820 West Superior Avenue
Suite 800
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Melissa Riley
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, James Becker, III ("Becker"), appeals his convictions for unlawful sexual conduct with a minor and corrupting another with drugs. For the reasons set forth below, we affirm.

{¶2} In June 2013, Becker was charged in a six-count indictment. Counts 1-3 charged him with unlawful sexual conduct with a minor. The indictment lists the victim's date of birth as June 6, 1997 and Becker's date of birth as December 31, 1982. Counts 4 and 5 charged Becker with corrupting another with drugs, and Count 6 charged him with tampering with evidence. The matter proceeded to a jury trial on July 29, 2013, at which the following evidence was adduced.

{¶3} The victim, A.M., testified that she was born on June 6, 1997, and was a sophomore at East Tech High School in 2012. Becker and A.M. began their relationship through Facebook. A.M. testified that she has a Facebook account under her real name and under a fake name. The Facebook account with her real name lists her date of birth as June 6, 1991, which made her 21 years old. She testified that she listed her age as 21 because she thought that she had to be an adult to have a Facebook account. Her account also lists that she "went" to East Technical High School ("East Tech"), but also lists under East Tech under "Work and Education."

{¶4} On August 30, 2012, Becker sent a mass Facebook invitation to a party at a club. A.M. responded "Yup, I'm there." Becker asked for her number so he could text her the information on the day of the party. A.M. gave Becker her phone number and Becker gave A.M. his phone number. The two began sending Facebook messages to

each other. Becker told A.M. that he works at the Cleveland Clinic, and he just graduated from Case Western Reserve University. A.M. responded that she goes to Cuyahoga Community College ("Tri-C") and she does part-time modeling. They continued to message each other on Facebook and speak on the phone.

{¶5} In December 2012, A.M. met Becker in person for the first time. On December 4, 2012, Becker picked A.M. up from a gas station near her house and drove her to a hotel. At the hotel, they smoked marijuana that Becker brought and drank alcohol. They had sex, which A.M. defined as vaginal intercourse. Becker then dropped A.M. off at her house. A.M. did not invite Becker inside because it was 1:00 a.m. They met again on three other occasions in December. A.M. testified that each time they met, Becker would pick her up and take her to a hotel, where they would smoke marijuana and have sex. On one of these occasions, A.M. testified that she told Becker that she "went to East Technical High School and took classes at Tri-C."

{¶6} A.M. further testified that Becker never asked her age, and she never offered her age. She told him she did not have a driver's license or a car. They never went to any bars or the casino in downtown Cleveland. A.M. never went to any of the clubs Becker promoted. On one occasion, A.M. went to a gas station with Becker to buy a cigar to smoke marijuana while Becker waited in the car. She testified that she was not asked for identification when she purchased the cigar.

{¶7} On December 31, 2012, Becker's 30th birthday, A.M. Facebook messaged Becker to see what he was doing that day. When A.M. asked him if he was having a

party, he told her he would have to see if the party was "21 and over." A.M. testified that based on that message, she thought Becker knew she was not 21.

{¶8} On January 9, 2013, Becker picked A.M. up in his car. They went to his workplace and then got some fast food. They drove around and smoked marijuana that Becker brought with him. Becker pulled the car over and they had sex. Becker then started driving again and A.M. performed oral sex on Becker. A.M. testified that they were then stopped by the police.

{¶9} Cleveland police detective Alfred Johnson ("Johnson") and Cleveland police officer Vincent Schneider ("Schneider") approached the vehicle and asked A.M. and Becker what they were doing. A.M. testified that the officers recognized the smell of marijuana and instructed Becker to exit his car. The officers then asked A.M. how old she was and where she lived. A.M. lied about her age at first, but then told the officers that she was 15 years old.

{¶10} Johnson testified that while he was on patrol with Schneider, he observed the passenger in Becker's car, later identified as A.M., with her head going up and down. He suspected prostitution because he believed A.M. was performing a sexual act. Johnson and Schneider pulled over Becker's car. When he approached Becker's car, he smelled marijuana. Johnson testified that he observed Becker in the drivers' seat with his pants unbuttoned. When Johnson questioned Becker about A.M.'s age, Becker told Johnson she was 19 years old. Johnson testified that he asked Becker if he knew A.M.'s age because she appeared to be a juvenile.

{¶11} Schneider testified that while on patrol he observed Becker drive through a stop sign and toss contraband from his vehicle. He then observed Becker make a turn without using his turn signal. As he approached the car, he noticed that A.M.'s head appeared to be in Becker's lap. He also detected a strong smell of marijuana when he approached the car. Becker admitted to the officers that he tossed the marijuana out of his car. Schneider also testified that A.M. appeared to be a juvenile.

{¶12} Cleveland police detective James Butler ("Butler") testified that he investigated this case. He reviewed the police report and interviewed A.M. He testified as to Becker's date of birth.[1] Butler testified that A.M. never told him that she told Becker she was in high school. He further testified that A.M. told him the sex was consensual.

{¶13} At the end of the state's case, Becker moved for a directed verdict under Crim.R. 29(A). The trial court granted that motion with respect to Count 2 (unlawful sexual conduct with a minor) and renumbered the remaining counts. Becker renewed that motion at the close of all the evidence. On July 31, 2013, the jury found Becker guilty of two counts of unlawful sexual conduct with a minor and two counts of corrupting another with drugs. The jury found him not guilty of tampering with evidence.

---

[1]Becker stipulated that his date of birth is December 31, 1982, and A.M.'s date of birth is June 6, 1997.

{¶14} On August 13, 2013, Becker retained new defense counsel in order to file a motion for judgment of acquittal under Crim.R. 29(C) and a new trial under Crim.R. 33(A). Becker argued there was insufficient evidence to sustain his unlawful sexual conduct with a minor and corrupting another with drugs convictions because the state failed to prove he was reckless in knowing A.M.'s age. He also argued he was denied effective assistance of counsel because trial counsel did not call private investigator Keith King ("King") as a witness, and counsel did not advise him of his right to testify on his own behalf. The state opposed, and the trial court held a hearing on the motion on September 26, 2013. Becker, his mother, and his girlfriend testified in support of his motion. Becker's trial counsel testified solely on the issue of whether she refused to call her client to testify on his own behalf.

{¶15} Becker testified that A.M. never told him that she was in high school. Rather, she told him that she graduated from high school two years ago. The subject came up when Becker told her that he was the captain of his high school wrestling team. Based on that he told the officers that he thought she was 19 years old. He believed that A.M. was a student at Tri-C and a part-time model. He also testified that he observed A.M. purchase a cigar from the gas station, which led him to believe she was over 18 years old. At the conclusion of the hearing, the trial court denied Becker's motion for acquittal and new trial.

**{¶16}** On October 9, 2013. The trial court sentenced Becker to 18 months in prison on each count, to be served concurrently, for a total of 18 months in prison. The trial court also classified Becker as a Tier II sex offender.

**{¶17}** Becker now appeals, raising the following eight assignments of error for review, which shall be discussed out of order or together where appropriate.

Assignment of Error One

The jury verdict finding [Becker] guilty of the offenses of unlawful sexual conduct with a minor was contrary to the law and against the manifest weight of the evidence, since the State of Ohio failed to prove essential elements of the offense, to wit: that [Becker] knew or was reckless in knowing that the victim was under the age of sixteen years of age and that [Becker] was eighteen years of age or older.

Assignment of Error Two

The jury verdict finding [Becker] guilty of the offenses of Corrupting Another with Drugs was contrary to the law and against the manifest weight of the evidence, since the State of Ohio failed to prove essential elements of the offense, to wit: that [Becker] knew the age of the juvenile or was reckless in that regard and that [Becker] was at least two years older.

Assignment of Error Three

[Becker] was denied the effective assistance of counsel and due process of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article One, Section Ten of the Ohio Constitution due to trial counsel's denial of [Becker's] absolute right to testify in his own behalf at trial and the trial court's failure to inquire of [Becker] whether or not he wished to testify in open court and on the record.

Assignment of Error Four

The trial court erred and [Becker] was denied a fair trial and due process of law when the Trial Court made two substantial errors during jury instructions and failed to instruct on the lessor included offense of sexual imposition in violation of O.R.C. 2907.06.

[A.]  The trial court erred when it made two substantial errors during the jury instructions and defense counsel's failure to object was plain error.

[B.]  The trial court erred when it failed to instruct the jury on the lessor included offense of sexual imposition in violation of O.R.C. 2907.04 and defense counsel's failure to request the instruction was plain error.

### Assignment of Error Five

The trial court erred when it permitted testimony from [A.M.] that was irrelevant and inadmissible pursuant to Evid.R. 401 and, if relevant, inadmissible pursuant to Evid.R. 403(A) because of the unfair prejudice to [Becker] and defense counsel's failure to object constituted plain error.

### Assignment of Error Six

The trial court erred when it denied [Becker's] Motions for Acquittal pursuant to Crim.R. 29(A) and (C).

### Assignment of Error Seven

[Becker] was denied the effective assistance of counsel and due process of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article One, Section Ten of the Ohio Constitution due to the failure to file a Motion to Suppress Evidence on [Becker]'s behalf.

### Assignment of Error Eight

[Becker] was denied the effective assistance of counsel and due process of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article One, Section Ten of the Ohio Constitution due to trial counsel's failure to subpoena and call Investigator [King] as a witness for the defense.

### Crim.R. 29 Motions

**{¶18}** In the sixth assignment of error, Becker contends that the trial court erred when it denied his Crim.R. 29(A) and (C) motions, contending that his convictions are not supported by sufficient evidence to prove his guilt beyond a reasonable doubt.

**{¶19}** Under Crim.R. 29(A), a trial court "shall not order an entry of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus. A motion for judgment of acquittal under Crim.R. 29 should only be granted where reasonable minds could not fail to find reasonable doubt. *State v. Apanovitch*, 33 Ohio St.3d 19, 23, 514 N.E.2d 394 (1987), citing *Bridgeman*.

**{¶20}** "The test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on the sufficiency of the evidence to support a conviction. *See State v. Bell* (May 26, 1994), 8th Dist. [Cuyahoga] No. 65356, 1994 Ohio App. LEXIS 2291." *State v. Turner*, 8th Dist. Cuyahoga No. 88489, 2007-Ohio-5449, ¶ 72. The Ohio Supreme Court in *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 113, explained the standard for sufficiency of the evidence as follows:

> Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing such a challenge, "[t]he relevant inquiry is whether, after

viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

{¶21} Becker was convicted of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), which provides that

> [n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

{¶22} The crux of Becker's argument is that he did not know A.M. was under 16 years of age when he engaged in a sexual relationship with her, nor was he reckless in that regard.   We note that under R.C. 2901.22(C):

> A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature.  A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

{¶23} The legislature intentionally based the definition of "recklessness" on the likelihood, rather than the probability, of a certain result.  *See id.* at staff notes. "Something is 'probable' when there is more reason for expectation or belief than not, whereas something is 'likely' when there is merely good reason for expectation or belief."

*Id.*

{¶24} Becker maintains he was not reckless because A.M. falsified her age on Facebook to make herself appear to be 21 years old; she told him that she attended Tri-C and modeled; and A.M. purchased a cigar from a gas station while he waited in his car. Becker's assumptions, however, are not enough to overcome a finding of recklessness under these circumstances. *State v. Young*, 8th Dist. Cuyahoga No. 85224, 2005-Ohio-3584, ¶ 18, citing *State v. Hahn*, 4th Dist. Washington No. 02CA22, 2003-Ohio-788 (upholding conviction where offender engaged in consensual sexual conduct with minor he had just met, knew nothing about, but thought was 16 or 17).

{¶25} We are mindful that in considering the sufficiency of evidence, a certain perspective is required. *State v. Eley*, 56 Ohio St.2d 169, 172, 383 N.E.2d 132 (1978). "This court's examination of the record at trial is limited to a determination of whether there was evidence presented, 'which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *Id.*, quoting *Atkins v. State*, 115 Ohio St. 542, 546, 155 N.E.2d 189 (1926). It is the minds of the jurors, rather than a reviewing court, that must be convinced. *State v. Thomas*, 70 Ohio St.2d 79, 80, 434 N.E.2d 1356 (1982).

{¶26} Here, the jury had to the opportunity to observe A.M.'s appearance and demeanor. The jury heard A.M. testify that she told Becker, who was 29 years old at the time, that she was a high school student. They heard A.M. testify that Becker was aware that A.M. did not have a driver's license. Becker never observed her purchase alcohol, and through A.M.'s Facebook messages, she revealed that she did not know that Absolut

was a type of alcohol. Furthermore, Becker never met A.M.'s family or friends, and he always picked her up from gas stations.

{¶27} While A.M. listed her age as 21 on Facebook, Becker's own Facebook messages to A.M. reveals he was uncertain about her age. On December 31, 2012, A.M. inquired about Becker's birthday. In response, Becker told her that he has to find out if his birthday party is at a 21 or over club. This demonstrates that Becker had some doubt as to A.M.'s true age. Furthermore, while A.M. acknowledged that she bought a cigar at a gas station to use for smoking marijuana when Becker waited in the car, she explained that she was not asked for identification when she purchased the cigar.

{¶28} These factors combined convinced the jury that Becker was reckless in knowing A.M.'s age.

{¶29} Becker was also convicted of corrupting another with drugs in violation of R.C. 2925.02(A)(4)(a), which provides that: "[n]o person shall knowingly * * * [f]urnish or administer a controlled substance to a juvenile who is at least two years the offender's junior, when the offender knows the age of the juvenile or is reckless in that regard[.]"

{¶30} Becker argues that the state failed to prove that he knew A.M.'s age or acted recklessly in regard to her age. However, as discussed above, the state proved sufficient evidence to demonstrate that Becker was reckless. He further argues the state failed to prove that he provided A.M. with marijuana. Becker, relying on *State v. McKee*, 91 Ohio St.3d 292, 2001-Ohio-41, 744 N.E.2d 737, argues that lay witnesses cannot identify

drugs without a proper foundation being laid for how the witness was familiar with that drug. In *McKee*, the Ohio Supreme Court held that "the experience and knowledge of a drug user lay witness can establish his or her competence to express an opinion on the identity of a controlled substance if a foundation for this testimony is first established." *Id.* at syllabus. *See also State v. Singleton,* 11th Dist. Lake No. 2002-L-077, 2004-Ohio-1517 (relying upon lay testimony of experienced drug users, the court held that the state is not required to present expert scientific testimony to establish that a substance is in fact a controlled substance); *State v. Miles*, 3d Dist. Defiance No. 4-02-28, 2003-Ohio-1370 (experienced crack cocaine user could testify that defendant's previous sales to her involved crack cocaine based upon the effects of taking the drug and the fact that it looked substantially similar to the last drug purchase, which was tested and found to be crack cocaine).

{¶31} In the instant case, A.M. testified that she had previously smoked marijuana prior to meeting Becker. She is familiar with marijuana lingo like "smoke" and "loud" and was seeking marijuana in the Facebook messages she initiated to Becker. A.M. testified that on multiple occasions, Becker provided her with the marijuana they smoked together. Further, Schneider and Johnson testified that they recognized the distinctive odor of marijuana when they stopped Becker's car. Given the evidence presented regarding A.M.'s prior marijuana use and the officer's recognition of its smell, we find there was sufficient evidence to support the jury's verdict.

**{¶32}** Based on the foregoing, we conclude that any rational trier of fact could have found the essential elements of unlawful sexual conduct with a minor and corrupting another with drugs proven beyond a reasonable doubt. Therefore, it was not error for the trial court to deny Becker's motions for acquittal.

**{¶33}** Accordingly, the sixth assignment of error is overruled.

<u>Manifest Weight of the Evidence</u>

**{¶34}** In the first and second assignments of error, Becker argues his convictions for unlawful sexual conduct with a minor and corrupting another with drugs are against the manifest weight of the evidence. He contends that the verdicts are not supported by the record because the state failed to prove that he was reckless with regard to A.M.'s age, his age, and that he furnished marijuana to A.M.

**{¶35}** We note that in contrast to a sufficiency argument, a manifest weight challenge questions whether the state met its burden of persuasion. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13, citing *Thompkins*, 78 Ohio St.3d at 390, 1997-Ohio-52, 678 N.E.2d 541. The Ohio Supreme Court in *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, has stated:

> [T]he reviewing court asks whose evidence is more persuasive — the state's or the defendant's? * * * "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." [*Thompkins* at 387], citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.

**{¶36}** Moreover, an appellate court may not merely substitute its view for that of the jury, but must find that "'in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin*.

**{¶37}** We note that in considering a manifest weight challenge, the trier of fact is in the best position to take into account inconsistencies, along with the witnesses's manner, demeanor, gestures, and voice inflections, in determining whether the proffered testimony is credible. *State v. Kurtz*, 8th Dist. Cuyahoga No. 99103, 2013-Ohio-2999, ¶ 26; *see also State v. Lilliard*, 8th Dist. Cuyahoga Nos. 99382, 99383, and 99385, 2013-Ohio-4906, ¶ 93 (In considering the credibility of witnesses on a manifest weight challenge, an appellate court is "guided by the presumption" that the jury, or the trial court in a bench trial, is "'best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'") *Id.* quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Therefore, we afford great deference to the factfinder's determination of witness credibility. *State v. Ball*, 8th Dist. Cuyahoga No. 99990, 2014-Ohio-1060, ¶ 36.

**{¶38}** As discussed in the sixth assignment of error, the jury had the opportunity to observe A.M.'s appearance and demeanor. A.M. testified that she never had a conversation with Becker about her age. They had sex on multiple occasions at different motels. At the end of December 2012, A.M. told Becker she was a high school student. Becker's Facebook message to A.M. revealed that he was uncertain about her age. Furthermore, when Becker was arrested, he told the police officers that A.M. was 19.

**{¶39}** Moreover, A.M. testified that she had previously smoked marijuana prior to meeting Becker, and she is familiar with marijuana lingo. She was seeking marijuana in the Facebook messages she sent to Becker. A.M. testified that on multiple occasions, Becker provided her with the marijuana they smoked together. Schneider and Johnson testified that they recognized the distinctive odor of marijuana when they stopped Becker's car. Butler testified to Becker's age and Becker stipulated to his date of birth as December 31, 1982.

**{¶40}** Based on the foregoing, we cannot say that the trier of fact lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered.

**{¶41}** Therefore, the first and second assignments of error are overruled.

<u>Ineffective Assistance of Counsel</u>

**{¶42}** In the third, seventh, and eighth assignments of error, Becker contends that trial counsel was ineffective for: (1) denying him of his right to testify; (2) failing to file a motion to suppress; and (3) failing to subpoena King as a defense witness.

{¶43} In order to establish a claim of ineffective assistance of counsel, Becker must demonstrate that: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). In Ohio, an attorney properly licensed is presumed competent. *State v. Lott*, 51 Ohio St.3d 160, 174, 555 N.E.2d 293 (1990). The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate or that counsel's action might be sound trial strategy. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

## Right to Testify

{¶44} In the third assignment of error, Becker argues that trial counsel was ineffective for denying him of his constitutional right to testify. At the Crim.R. 29(C) motion hearing, Becker testified that he told his attorneys that he wanted to take the witness stand on multiple occasions. He did not agree with his attorneys' strategy to not testify. Becker's mother and girlfriend also testified at the hearing and testified that Becker never agreed that he would not testify.

{¶45} Becker's trial counsel also testified at the hearing. Trial counsel testified that Becker was advised of his right to testify. Counsel testified that, in her opinion, it would not have been wise for Becker to testify. She further testified that had Becker expressed the desire to testify, she would have called him as a witness. Becker is now asking this court to second guess counsel's trial strategy, and we decline to do so. *State*

*v. Grasso*, 8th Dist. Cuyahoga No. 98813, 2013-Ohio-1894, ¶ 62, citing *State v. Gooden*, 8th Dist. Cuyahoga No. 88174, 2007-Ohio-2371, ¶ 38 ("Trial tactics and strategies do not constitute a denial of effective assistance of counsel.")

{¶46} Accordingly, the third assignment of error is overruled.

<u>Motion to Suppress</u>

{¶47} In the seventh assignment of error, Becker argues trial counsel was ineffective for failing to file a motion to suppress because the officers did not have probable cause to stop Becker's vehicle.

{¶48} We note that appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In deciding a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve factual questions and evaluate the credibility of witnesses. *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). The reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). With respect to the trial court's conclusion of law, the reviewing court applies a de novo standard of review and decides whether the facts satisfy the applicable legal standard. *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997).

{¶49} Becker claims the conflicting testimonies of Johnson and Schneider raise the issue of whether probable cause existed to stop his vehicle. Specifically, he refers to

Johnson's testimony that Becker's vehicle was stopped for suspected prostitution and Schneider's testimony that he observed Becker toss marijuana out of his window and drive through a stop sign.

{¶50} We note that the failure

> to file a motion to suppress does not constitute ineffective assistance of counsel per se. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question. *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶ 35.

*State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 65.

{¶51} In *State v. Bennett*, 8th Dist. Cuyahoga No. 86962, 2006-Ohio-4274, ¶ 21, this court stated that:

> [a] police officer may effect a traffic stop of any motorist for any traffic infraction, even if the officer's true motive is to detect more extensive criminal conduct. *United States v. Mesa* (C.A.6 1995), 62 F.3d 159, 162. When conducting the stop of a motor vehicle for a traffic violation, an officer may detain the vehicle for a time sufficient to investigate the reason for which the vehicle was initially stopped. *State v. Bolden*, Preble App. No. CA2003-03-007, 2004-Ohio-84.

{¶52} In the instant case, Johnson testified he observed A.M.'s head going up and down in the front seat. He suspected prostitution because he believed A.M. was performing a sexual act. When he approached Becker's car, he smelled marijuana. Schneider testified that he observed Becker drive through a stop sign and toss marijuana from his vehicle. He then observed Becker make a turn without using his turn signal. When he approached the car, he smelled marijuana, and he also observed A.M.'s head in

Becker's lap. Becker admitted to the officers that he tossed the marijuana out of his car. The officers both acknowledged that A.M.'s head was in Becker's lap. Schneider was the officer who wrote Becker a ticket and testified to the traffic violations he observed Becker commit. These traffic violations gave rise to reasonable suspicion to initiate the traffic stop. As a result, there was no basis to suppress the evidence in question, and trial counsel was not ineffective for failing to file a motion to suppress.

{¶53} Therefore, the seventh assignment of error is overruled.

Subpoena Witness

{¶54} In the eighth assignment of error, Becker argues that trial counsel was ineffective for failing to subpoena and call King to testify that he interviewed A.M., and she never mentioned that she told Becker she was still a high school student. At his Crim.R. 29(C) hearing, Becker testified that he demanded that the private investigator be subpoenaed and called as a witness to contradict A.M.'s testimony that she told him she was still in high school.

{¶55} We note that to establish ineffective assistance of counsel, "the appellant must overcome the strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Sallie*, 81 Ohio St.3d 673, 674, 1998-Ohio-343, 693 N.E.2d 267. Debatable trial tactics do not constitute ineffective assistance of trial counsel, for it is obvious that "'nothing is seen more clearly than with hindsight.'" *State v. Howard*, 8th Dist. Cuyahoga No. 88237, 2007-Ohio-991, ¶ 10, quoting *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980). An attorney's

failure to call a witness falls within the realm of trial tactics. *State v. Jones*, 8th Dist. Cuyahoga No. 81112, 2003-Ohio-3004, ¶ 28.

**{¶56}** Here, trial counsel cross-examined A.M. about whether she told the police that she told Becker she was a high school student. A.M. acknowledged on cross-examination that she never told the police this information because the police never asked her that question. The jury had an opportunity to determine A.M.'s credibility after trial counsel cross-examined her. The private investigator's testimony would not have made the reasonable probability of a different outcome.

**{¶57}** Thus, the eighth assignment of error is overruled.

### Jury Instructions

**{¶58}** In the fourth assignment of error, Becker argues the trial court erred with respect to its jury instructions on unlawful sexual conduct with a minor. He further argues that the trial court erred when it failed to instruct the jury on the lesser included offense of sexual imposition in violation of R.C. 2907.04(A)(4). Becker maintains that trial counsel's failure to object to both errors was plain error.

**{¶59}** Under Crim.R. 52(B), a plain error affecting a substantial right may be noticed by an appellate court even though it was not brought to the attention of the trial court. An error rises to the level of plain error only if, but for the error, the outcome of the proceedings would have been different. *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61; *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d

804 (1978). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Id.*

Unlawful Sexual Conduct with a Minor

{¶60} Becker first argues it was plain error for the court to shift the burden of proof onto him. The trial court stated:

> If you find that the defendant failed to prove beyond a reasonable doubt any one of the essential elements of the offense of unlawful sexual conduct with a minor as charged in Count One of the indictment, then your verdict must be not guilty according to your findings.

{¶61} In *State v. Foldes*, 8th Dist. Cuyahoga No. 57790, 1990 Ohio App. LEXIS 4630, *23 (Oct. 25, 1990), this court found that substituting on one occasion the word "defendant" in place of "the state of Ohio" during its instructions to the jury was not plain error because a review of the complete jury instructions clearly demonstrated that the trial court properly identified the necessary parties and provided the jury with adequate instructions to allow the jury to correctly determine the defendant's guilt.

{¶62} In the instant case, the trial court repeatedly reminded the jury that the state bore the burden of proof. The trial court instructed the jury that, "[e]very person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt. And that burden is on the State of Ohio." Furthermore, the correct written jury instruction was given to the jury on Count 1. It states: "[i]f you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of

unlawful sexual conduct with a minor as charged in Count One of the indictment, then your verdict must be not guilty, according to your findings."

**{¶63}** Becker next argues that the misidentified date of birth for A.M. read by the trial court to the jury for Count 2 rendered the instructions defective. The court stated:

> Before you can find the defendant guilty you must find beyond a reasonable doubt that between the dates of December 1, 2012 to December 31, 2012, and in Cuyahoga County, Ohio, the defendant engaged in sexual conduct with [A.M.], date of birth 6-6-1997, not his spouse, and James M. Becker, III, being 18 years of age or older, to wit; date of birth 12-31-1982, knowing that [A.M.] was 13 years of age or older but less than 16 years of age, to wit; date of birth 6-6-1979, or was reckless in that regard.

**{¶64}** The trial court transposed A.M.'s date of birth the second time it read it, by stating that her date of birth was June 6, 1979. However, if A.M. was born in 1979, she would be 34 years old, which would dismiss the offense.

**{¶65}** A review of the record reveals that this was an isolated error because A.M.'s correct age was stated in the trial testimony, the remainder of the instructions read to the jury, and the written instructions given to the jury. Furthermore, Becker stipulated to A.M.'s date of birth and his date of birth. The trial court instructed the jury:

> Stipulations. There were certain agreements known as stipulations. These stipulations were reached between the State and the defendant and are to be accepted by you as a fact. For example, it is stipulated and agreed that [A.M.'s] date of birth is June 6, 1997, and James M. Becker, III date of birth is December the 31st, 1982.

**{¶66}** Therefore, when viewed as a whole, we find that the trial court's jury instructions were proper with regard to both counts of unlawful sexual conduct with a minor, and Becker was not prejudiced by the trial court's instructions.

<u>Lessor Included</u>

**{¶67}** Becker also argues that the trial court erred and trial counsel was ineffective for failing to ask for a jury instruction on the lessor included offense of sexual imposition under R.C. 2907.06(A)(4).

**{¶68}** The question of whether a particular offense should be submitted to the finder of fact as a lesser included offense involves a two-tiered analysis. *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 13. "The first tier, also called the 'statutory-elements step,' is a purely legal question, wherein we determine whether one offense is generally a lesser included offense of the charged offense." *State v. Deanda*, 136 Ohio St.3d 18, 2013-Ohio-1722, 989 N.E.2d 986, ¶ 6, citing *State v. Kidder*, 32 Ohio St.3d 279, 281, 513 N.E.2d 311 (1987). The second tier looks to the evidence in a particular case and determines whether "'a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense.'" *Evans* at ¶ 13, quoting *Shaker Hts. v. Mosely*, 113 Ohio St.3d 329, 2007-Ohio-2072, 865 N.E.2d 859, at ¶ 11. "Only in the second tier of the analysis do the facts of a particular case become relevant." *Deanda* at ¶ 6.

**{¶69}** In determining whether an offense is a lesser included offense of another, a court shall consider whether (1) "one offense carries a greater penalty than the other," (2) "some element of the greater offense is not required to prove commission of the lesser offense," and (3) "the greater offense as statutorily defined cannot be committed without

the lesser offense as statutorily defined also being committed." *Evans* at paragraph two of the syllabus, clarifying *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988).

{¶70} After it has been determined that the offense is a lesser included offense, the second tier mandates that courts look to the evidence in a particular case and determine whether "'a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense.'" *Deanda* at ¶ 6, quoting *Evans* at ¶ 13. *See also State v. Thomas*, 40 Ohio St.3d 213, 216, 533 N.E.2d 286 (1988).

{¶71} We must first determine if the offense of sexual imposition is a lesser included offense of unlawful sexual conduct with a minor. Unlawful sexual conduct under R.C. 2907.04 provides:

> No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

Sexual imposition under R.C. 2907.06(A)(4) provides:

> No person shall have sexual contact with another, not the spouse of the offender * * * when * * *[t]he other person * * * is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person.

{¶72} Here, the first two parts of the *Evans* test are met. The offenses of attempted unlawful sexual conduct with a minor and sexual imposition carry different penalties and there is "some element," i.e., sexual conduct, of the greater offense that is not required to prove the lesser offense, i.e., sexual contact. The third part of the test is

also met.  One cannot have sexual conduct without sexual contact.  Under R.C. 2907.01(A), "sexual conduct" includes "vaginal intercourse between a male and female." "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."  R.C. 2907.01(B).

{¶73} With respect to the second tier, we look to the evidence in this case and determine whether the"'jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense.'"  *Evans* at ¶ 13. Here, it is not reasonable for the jury to find Becker engaged only in sexual contact with Becker and not sexual conduct, since the evidence was clear that they had vaginal intercourse.   Therefore, a jury instruction on sexual imposition was not warranted.

{¶74} Based on the foregoing, Becker has failed to demonstrate that his substantial rights have been affected and the outcome of the trial would have been different.

{¶75} Accordingly, the fourth assignment of error is overruled.

<u>A.M.'s testimony</u>

{¶76} In the fifth assignment of error, Becker argues that A.M. testified to irrelevant and inadmissible evidence, which caused him prejudice.  Specifically, A.M. testified about the conversations she had with Becker.  She testified that she read a poem to Becker that she wrote about her life.  When asked about the poem, A.M. testified that the poem was about her pain and depression from the deaths of her father and sister,

being molested by her uncle, having no friends, and feeling alienated from her mother. Becker contends that the state elicited this testimony to generate sympathy for A.M.

{¶77} We note that defense counsel did not object to this testimony. Therefore, we review for plain error. Under Evid.R. 402, only relevant evidence is admissible. Evid.R. 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. However, relevant evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. Evid.R. 403. Although "all evidence presented by a prosecutor is prejudicial, * * * not all evidence unfairly prejudices a defendant." *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 107.

{¶78} The above testimony was relevant to demonstrate what Becker knew about A.M.'s life and her age. While questioning A.M. about the conversations she had with Becker, A.M. testified that she read a poem to Becker that she wrote about her life. Because this testimony is relevant to demonstrating what Becker knew about A.M.'s life and age, the probative value of this evidence is not substantially outweighed by undue prejudice to Becker. Therefore, it was not plain error for this evidence to be admitted.

{¶79} Accordingly, the fifth assignment of error is overruled.

{¶80} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
PATRICIA A. BLACKMON, J., CONCUR