[Cite as *State v. Young*, 2018-Ohio-3047.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106211**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RICARDO YOUNG**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-608482-B

**BEFORE:** Laster Mays, J., E.T. Gallagher, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 2, 2018

-i-

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road, #613
Cleveland, Ohio 44118


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Sarah Denney
Zachary Humphrey
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Ricardo Young ("Young") appeals his bench trial convictions for various drug-related charges. We affirm the trial court's judgment.

I.      Background and Facts

{¶2} On July 31, 2016, at approximately 4:00 a.m., officers from the Third District of the Cleveland Police Department were dispatched to the parking lot of Rally's Drive-in Restaurant ("Rally's") located at the three-way intersection of East 55th Street, Woodland Avenue, and Kinsman Avenue in Cleveland, Ohio. A male with a silver Chrysler was reportedly standing in the Rally's parking lot waving a gun. Police were not provided with a description of the male.

{¶3} The vehicle was no longer at Rally's when officers arrived. There are several gas stations at the intersection that are open throughout the night and the area garners significant police attention. The officers observed several males standing by a silver Dodge Charger, a car that is similar in appearance to a Chrysler, at the Shell gas station across the street from Rally's. Two males entered the vehicle and left the station. Officers followed the vehicle and were checking the license plate registration when they observed a traffic violation when the Dodge Charger moved from the right lane into the left lane without signaling, and then moved back into the right-hand lane.

{¶4} Officers pulled over the vehicle, detected the odor of marijuana when approaching the car and observed suspected marijuana in plain view sitting in the open console of the vehicle. Young, the driver, and his cousin, passenger Samuel Williams ("Williams"), each had a gun laying in open view on the floor by their feet. Both occupants possessed carry concealed weapons permits ("CCW permits"). Young and Williams were detained and the vehicle searched. Officers discovered suspected marijuana, a white substance suspected to be heroin, plastic sandwich bags, cellular telephones, and two firearms. Young also had approximately $500 in cash. The license plate was registered to a rental car agency and was rented by Young's sister. Young and Williams were arrested and indicted.

{¶5} In *State v. Young*, Cuyahoga C.P. No. CR-16-608482-B ("*Young I*"), Young was indicted for: drug trafficking, R.C. 2925.03(A)(2), a felony of the fourth degree, with a one year firearm specification, R.C. 2941.141 and forfeiture specifications, R.C. 2941.1417; drug possession, R.C. 2925.11(A), a felony of the fifth degree, with a one year firearm specification, R.C.2941.141, and forfeiture specifications, R.C. 2941.1417; trafficking, R.C. 2925.03(A)(2), a felony of the fifth degree, with a one year firearm specification under R.C. 2941.141, and forfeiture specifications, R.C. 2941.1417; possessing criminal tools, R.C. 2923.24(A), a felony of the fifth degree, with forfeiture specifications, R.C. 2941.1417.[1]

{¶6} In *State v. Williams,* Cuyahoga C.P. No. CR-16-608482-A, Williams was indicted for two counts of drug trafficking, R.C. 2925.03(A)(2), one count of drug possession, R.C. 2925.11(A), and one count of possessing criminal tools, R.C. 2923.24(A). At the bench trial held on March 13, 2017, Williams testified that he was employed, a navy veteran, and did not

---

[1] On the day of trial in the instant case, Young entered into a plea agreement to charges pending in *State v. Young*, Cuyahoga C.P. No. CR-17-616456-C ("*Young II*") and was sentenced at the same time that sentencing took place in the instant case, as further discussed under the fourth assigned error herein.

sell drugs.   Williams was found not guilty of all charges.   Young was convicted of all charges and was sentenced to one year in prison for the firearm specifications and one year of probation for the underlying crimes.   Young timely appeals.

## II.   Assignments of Error

{¶7}   Young poses four assignments of error:

I.   The police searched and seized Young in violation of his Fourth Amendment rights.

II.   The verdicts in this case, for the same crime and facts, were disproportionate and violated Young's due process rights.

III.   Young's conviction is against the manifest weight of the evidence.

IV.   The trial court failed to make the proper analysis regarding whether the convicted counts were allied offenses of similar import and subject to merger at sentencing in [Cuyahoga C.P. No.] 17-CR-616456-C.

## III.   Discussion

### A.   Search and Seizure

{¶8}   Young argues here that the stop, search, and seizure in this case violated his constitutional rights.   Unreasonable searches and seizures are prohibited by the Fourth Amendment to the United States Constitution.   *State v. Williams*, 94 Ohio App.3d 538, 542-543, 641 N.E.2d 239 (8th Dist.1994), citing *Harris v. United States,* 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); *State v. Smith*, 56 Ohio St.2d 405, 384 N.E.2d 280 (1978).

{¶9}   Since Young did not advance this argument at the trial court level, any alleged violation of Young's rights must rise to the level of plain error.   Crim.R. 52(B) allows an appellate court to recognize plain errors or defects that impact substantial rights.

An error rises to the level of plain error only if, but for the error, the outcome of the proceedings would have been different. *State v. Eisermann*, 8th Dist. Cuyahoga No. 100967, 2015-Ohio-591, ¶ 71, citing *State v. Becker*, 8th Dist.

Cuyahoga No. 100524, 2014-Ohio-4565; *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61; *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Notice of plain error "is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Id.*

*State v. Miller*, 8th Dist. Cuyahoga No. 102250, 2015-Ohio-3880, ¶ 7.

**{¶10}** Young argues that police lacked probable cause to stop his vehicle. Officers observed a vehicle similar to that described in the dispatch call in the

gas station across the street from Rally's. Officers followed the vehicle and, while checking the

license plate, they observed Young commit a traffic violation.

**{¶11}** The Fourth Amendment to the United States Constitution guarantees freedom from

unreasonable searches and seizures and requires the establishment of probable cause to believe a

crime has been committed to obtain a warrant to search. *State v. White*, 8th Dist. Cuyahoga No.

100624, 2014-Ohio-4202, ¶ 13, *Katz v. United States*, 389 U.S. 347, 350, 88 S.Ct. 507, 19

L.Ed.2d 576 (1967).

**{¶12}** A warrantless search is per se unreasonable unless an exception to the warrant

requirement applies. A *Terry* stop, *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889

(1968), is a frequently encountered exception. A *Terry* stop allows an individual to be

temporarily detained where an "officer has reasonable suspicion based on articulable facts that a

person has committed or is about to commit a crime." *State v. Thomas*, 2017-Ohio-4068, 92

N.E.3d 93, ¶ 20 (8th Dist.), citing *State v. Aufrance*, 2d Dist. Montgomery No. 21870,

2007-Ohio-2415, ¶ 14, citing *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229

(1983).

{¶13} An additional exception, the automobile exception to the warrant requirement, allows an officer to search a vehicle when there is probable cause to believe it contains contraband. *State v. Moore*, 90 Ohio St.3d 47, 52, 734 N.E.2d 804 (2000). This court held that pursuant to the automobile exception, "'when an officer has probable cause to believe that a person has been smoking marijuana based on the odor of marijuana emanating from the vehicle, a warrantless search is permissible.'" *State v. Burke*, 188 Ohio App.3d 777, 2010-Ohio-3597, 936 N.E.2d 1019, ¶ 20 (8th Dist.), quoting *State v. Huffman*, 8th Dist. Cuyahoga No. 93000, 2010-Ohio-5116, ¶ 16.

{¶14} Traffic stops are lawful even if the violation is minor or "'de minimis.'" *White*, 8th Dist. Cuyahoga No. 100624, 2014-Ohio-4202, ¶ 14, quoting *Strongsville v. Spoonamore*, 8th Dist. Cuyahoga No. 86948, 2006-Ohio-4884, ¶ 12; *State v. Parker*, 12th Dist. Warren No. CA2006-07-085, 2007-Ohio-3006. The "scope and duration" of an officer's stop of a motorist based on probable cause of a traffic violation must be limited to issuing the citation "and any expanded investigation unrelated to the traffic violation must be based upon a reasonable articulable suspicion." *White* at ¶ 17, *State v. Duran*, 9th Dist. Lorain No. 11CA009969, 2012-Ohio-2114, ¶ 13, citing *State v. Robinette*, 80 Ohio St.3d 234, 685 N.E.2d 762 (1997).

{¶15} The police had a reasonable and articulable suspicion that an illegality occurred when they directly observed the violation. *Spoonamore* at ¶ 3, citing *Terry v. Ohio,* 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "A traffic stop is considered to be 'analogous' to a *Terry* stop." *Id*., quoting *Berkemer v. McCarty,* 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).

{¶16} As the officers approached the vehicle, the smell of marijuana was detected. Marijuana was also sitting in plain view in the console of the vehicle. A firearm was in plain

view on the floor by Young's foot, a significant fact in light of the initial dispatch report regarding a male waving a gun. Thus, officers discovered "additional articulable facts which give rise to a reasonable suspicion of criminal activity beyond that which caused the initial stop." (Citations omitted.) *Spoonamore* at ¶ 16.

**{¶17}** We find that the stop, search, and seizure in this case was lawful. The first assignment of error is without merit.

### B. Disproportionate Sentences and Verdicts

**{¶18}** Young's second assigned error asserts that the verdicts between himself and Williams were inconsistent and the sentences were disproportionate.

**{¶19}** Young argues that a portion of the contraband was in closer physical proximity to Williams and that Williams admitted to smoking marijuana and to ownership of one of the cell phones. Therefore, Young reasons, both defendants should have been adjudicated innocent or guilty because both were subject to the "same act, facts, and circumstances." Appellant's brief, p. 4.

**{¶20}** Williams testified that he lives with his mother and two siblings, is currently employed, and received his associate's degree after leaving the navy. He has never been arrested for a felony and stated that he does not sell drugs. Williams obtained a CCW permit in 2013 to carry the .357 caliber weapon that he was carrying when arrested.

**{¶21}** On the night in question, Young, Williams, and a third-party named J.P. went to the Shell gas station at East 55th Street after leaving a night club. Young was driving and J.P. had been riding in the back seat on the passenger's side of the vehicle where the sandwich bags and suspected heroin were located. Williams did not hear J.P. mention drugs and did not see J.P. or Young selling drugs that evening.

{¶22} Williams was sitting in the front passenger's seat of the car rolling a marijuana cigarette when he noticed the police driving in the area. However, Williams denied the marijuana belonged to him and admitted that he was not allowed to smoke marijuana while carrying a firearm.

{¶23} Williams told the group that it was time to go. J.P. got into a car with several females and was being followed by Young and Williams when police pulled them over. According to Williams, police were not interested in their explanation that a third person had been in the back seat of the car.

{¶24} Distilled, Young's argument is that the divergent verdicts are against the manifest weight of the evidence. While we further analyze the weight of the evidence in our response to Young's third assigned error, we state here that the weight to be given to the evidence and the credibility of the witnesses are for the trier of fact. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. It was within the purview of the factfinder to find that the evidence against, or credibility of, Williams was greater than that of Young.

{¶25} As to Young's assertion of a disparity in the verdicts, "even assuming arguendo that the [guilty] verdicts against [Young] and acquit[tal of Williams] were inconsistent, 'inconsistent verdicts between codefendants is not a sufficient reason for reversing a conviction.'" *State v. Hill*, 8th Dist. Cuyahoga No. 99819, 2014-Ohio-387, ¶ 33, quoting *State v. Eppard*, 6th Dist. Lucas No. CL 05-1279, 2007-Ohio-2257, ¶ 16, citing *State v. Mounts*, 12th Dist. Brown No. CA97-02-007, 1998 Ohio App. LEXIS 1078, *12 (Mar. 23, 1998), citing *Dunn v. United States*, 284 U.S. 390, 394, 52 S.Ct. 189, 76 L.Ed. 356 (1932), and *United States v. Dotterweich*, 320 U.S. 277, 279, 64 S.Ct. 134, 88 L.Ed. 48 (1943).

{¶26} The second assigned error lacks merit.

### C. Manifest Weight of the Evidence

**{¶27}** In entertaining a manifest weight challenge, we sit as a thirteenth juror and intercede only where it is apparent that "a jury has 'lost its way.'" *State v. Stewart*, 8th Dist. Cuyahoga No. 86411, 2006-Ohio-813, ¶ 11, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). The weight-of-the-evidence standard "'addresses the evidence's effect of inducing belief.'" *State v. Rudd*, 8th Dist. Cuyahoga No. 102754, 2016-Ohio-106, ¶ 61, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins* at 386-387.

**{¶28}** The vehicle was legally stopped and searched. The vehicle was rented by Young's sister and was driven by Young. Drugs were found inside of the car and in the trunk. A gun was viewed sitting at Young's feet. A scale and sandwich bags were also in the vehicle and Young was carrying approximately $500.

**{¶29}** In this case, the trial court heard the testimony and observed the witnesses. "The trier of fact is in the best position" to determine "whether the proffered testimony is credible." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio- 2202, 865 N.E.2d 1264, ¶ 24. We do not find that this is the "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶30}** The third assigned error is overruled.

### D. Allied offenses

**{¶31}** While *Young I* was pending, Young was arrested on February 23, 2017 in *Young II*. At the sentencing for *Young I*, Young entered a no contest plea in *Young II* and was found guilty of drug trafficking under R.C. 2925.03(A)(2), a felony of the fifth degree with a one year

firearm specification under R.C. 2941.141, and having a weapon while under disability under R.C. 2923.13(A)(3), a felony of the third degree. The remaining charges were dismissed.

{¶32} Young was sentenced to one year in prison for the firearm specifications and one year of probation in the underlying crimes. The sentence in *Young II* runs consecutive to the sentence in *Young I* for a total incarceration of two years, followed by community control sanctions.

{¶33} Young argues that the firearm specification on the drug trafficking count and the having a weapon while under disability charge arose from the same transaction with a single animus and import and should have been merged under R.C. 2941.25. We disagree. A firearm specification is a sentencing provision and is not a separate offense subject to merger. *State v. Williams*, 8th Dist. Cuyahoga No. 81949, 2003-Ohio-3950, ¶ 19-21.

{¶34} The fourth assignment of error is without merit.

IV. **Conclusion**

{¶35} Appellant's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

LARRY A. JONES, SR., J., CONCURS;
EILEEN T. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY